**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| PAMELA R. MILLER, Individually, )<br>and as Parent and Next Friend of )<br>BLAKE M. ALMANDINGER, a Minor, )<br>                                                                    )<br>                        Plaintiffs,           )<br>                                                                    )<br>v.                                                               )<br>                                                                    )<br>KENNETH W. CROSSMAN,                        )<br>NEW BERN TRANSPORT CORPORATION, )<br>and PEPSICO, INC., and PEPSI-COLA         )<br>METROPOLITAN BOTTLING COMPANY, )<br>INC.                                                          )<br>                                                                    )<br>                        Defendants.        ) | CIVIL ACTION NO: 18-CV-01411 |

_____

**COMPLAINT AND JURY DEMAND**
_____

PLAINTIFFS, by and through undersigned counsel, hereby complain and allege against the above named Defendants as follows:

**JURISDICTION & VENUE**

1. Plaintiff Pamela Miller (hereinafter "Miller") is, and was at all times relevant to this Complaint, a resident of Marion, Iowa.

2. Plaintiff Blake Almandinger (hereinafter "Almandinger") is the minor child of Miller, and he is and was at all times relevant to this Complaint, a resident of Marion, Iowa.

3. At the time of the July 1, 2015 crash that is the subject of this lawsuit, Defendant Kenneth Crossman (hereinafter "Defendant Crossman") was a resident of Moffat County, Colorado with a last known address of 400 Washington Street, Craig, Colorado 81625.

4. At the time of the subject crash, Defendant New Bern Transport Corporation (hereinafter "Defendant New Bern") was a corporation licensed and authorized to do, and was doing, business in the State of Colorado.

1

5. Defendant New Bern's principal place of business is in Westchester County, New York with an address of 1111 Westchester Avenue, White Plains, New York 10604-3525.

6. Defendant New Bern is the owner of the 2006 International tractor-trailer located in Marion County, Indiana with an address of 9800 Cross Point Boulevard, Indianapolis, Indiana 46356.

7. At the time of the subject crash, Defendant Pepsico, Inc. and Defendant Pepsi-Cola Metropolitan Botting Company, Inc. (hereinafter referred to together as "Defendant Pepsico") were corporations licensed and authorized to do, and were doing, business in the State of Colorado.

8. Defendant Pepsico's principal place of business is in Westchester County, New York with an address of 700 Anderson Hill Road, Purchase, New York 10577.

9. Upon information and belief, Defendant Crossman was employed by Defendant New Bern, and/or Defendant Pepsico, and was acting within the course and scope of said employment at the time of the subject crash.

10. Upon information and belief, Defendant Crossman was an agent of Defendant New Bern and/or Defendant Pepsico, and was acting within the course and scope of said agency relationship at the time of the subject crash.

11. Venue is proper in this Court pursuant to F.R.C.P. 98(c)(1) as the subject motor vehicle collision occurred in Grand County, Colorado.

12. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over all parties and subject matter of this lawsuit.

13. Jurisdiction in this Court is also proper as Plaintiffs seek damages in excess of $75,000.00.

## GENERAL ALLEGATIONS

14. All preceding paragraphs are incorporated as if fully set forth herein.

15. On Wednesday, July 1, 2015, at approximately 3:05 p.m., Defendant Crossman was the driver of a 2006 International tractor-trailer (VIN #: 1HSHXAHR36J335769 on the tractor and VIN#: 3H3V402C3AT058001 on the trailer) owned by Defendant New Bern Transport Corporation.

16. The tractor-trailer Defendant Crossman was driving was licensed in Colorado with a plate number of 080HPI.

17. At the time of the subject crash, Defendant Crossman was driving the tractor-trailer for and in the business operations of Defendant New Bern and/or Defendant Pepsico.

18. On July 1, 2015, Defendant Crossman, while acting in the course and scope of his employment, was driving Defendant New Bern's tractor-trailer westbound on Highway 40 in Grand County, Colorado.

19. Ahead of Defendant Crossman was Miller, who was also driving westbound on Highway 40 in Grand County, Colorado.

20. As Miller was approaching milepost 153.7 on westbound Highway 40, she slowed down and then attempted to make a left hand turn onto County Road 19.

21. While Miller was in the process of attempting to turn left onto County Road 19, Defendant Crossman attempted to pass Miller in the left (on-coming) lane of Highway 40.

22. The intersection of Highway 40 and County Road 19 was clearly visible.

23. Defendant Crossman attempted to pass the Miller vehicle within 100 feet of, and/or within, the intersection of Highway 40 and County Road 19.

24. Defendant Crossman failed to demonstrate due regard for the Miller vehicle and for the condition of the highway.

25. As Miller was in the middle of making her left turn, and while she was turning across the left (on-coming) lane of Highway 40, Defendant Crossman, who was now heading westbound in the left (on-coming) lane, crashed the tractor-trailer into the driver's side of the Miller vehicle.

26. Defendant Crossman failed to stop his tractor-trailer before crashing into the driver's side of Miller's vehicle.

27. Defendant Crossman caused the front-end of his tractor-trailer truck to crash into the driver's side of Miller's vehicle.

28. Miller had a right to be safe when making her left turn.

29. Defendant Crossman had a duty to allow Miller to make her left turn safely.

30. Defendant Crossman breached his duty to allow Miller to make her left turn safely when he chose to merge into the on-coming lane to try to pass her on the left as she was preparing to make her left turn.

31. As a direct and proximate result of Defendant Crossman's failure to allow Miller to make her left turn safely, he caused the subject crash.

32. Defendant Crossman had a duty to slow down to allow Miller to make her left turn safely.

33. Defendant Crossman breached his duty to slow down to allow Miller to make her left turn safely when he chose to maintain his approximate speed and merge into the on-coming lane to try to pass her on the left as she was preparing to make her left turn.

34. As a direct and proximate result of Defendant Crossman's failure to slow down to allow Miller to make her left turn safely, he caused the subject crash.

35. Defendant Crossman had a duty to not pass or try to pass the Miller vehicle within 100 feet of an intersection.

36. Defendant Crossman breached his duty to not pass or try to pass the Miller vehicle within 100 feet of an intersection when he chose to attempt to pass the Miller vehicle within 100 feet of an intersection.

37. As a direct and proximate result of Defendant Crossman's choice to attempt to pass the Miller vehicle within 100 feet of an intersection, he caused the subject crash.

38. Defendant Crossman had a duty to maintain control of his tractor-trailer so as to not crash into other vehicles lawfully using the roadway.

39. Defendant Crossman beached his duty to maintain control of his tractor-trailer when he put his tractor-trailer into a position on the roadway which caused him to crash into the Miller vehicle, which was lawfully attempting to turn left at the intersection of Highway 40 and County Road 19.

40. As a direct and proximate result of Defendant Crossman's failure to maintain control of his tractor-trailer, he caused the subject crash.

41. As a direct and proximate result of the crash, Miller and Almandinger suffered injuries, damages, and losses.

42. Defendant Crossman had a duty to drive undistracted.

43. Defendant Crossman breached his duty to drive undistracted when he failed to observe the left hand blinker in use on Miller's vehicle as she was slowing down to turn.

44. As a direct and proximate result of Defendant Crossman's failure to drive undistracted, he caused the subject crash.

45. Defendant Crossman had a duty to maintain a proper lookout.

46. Defendant Crossman breached his duty to maintain a proper lookout when he failed to observe the left hand blinker in use on Miller's vehicle as she was slowing down to turn.

47. As a direct and proximate result of Defendant Crossman's failure to maintain a proper lookout, he caused the subject crash.

48. Defendant Crossman had a duty to operate his tractor-trailer in a safe and prudent manner.

49. Defendant Crossman breached his duty to operate his tractor-trailer in a safe and prudent manner when he chose to merge into the on-coming lane to try to pass Miller on the left as she was preparing to make her left turn.

50. As a direct and proximate result of Defendant Crossman's failure to operate his tractor-trailer in a safe and prudent manner, he caused the subject crash.

51. Defendant Crossman had a duty to exercise reasonable care in the operation of the tractor-trailer he was driving while in the course and scope of his employment with Defendant New Bern Transport Corporation and/or Defendant Pepsico, Inc.

52. Defendant Crossman breached his duty to exercise reasonable care in the operation of the vehicle he was driving, while in the course and scope of his employment, when he chose to merge into the on-coming lane to try to pass Miller on the left as she was preparing to make her left turn.

53. As a direct and proximate result of Defendant Crossman's failure to exercise reasonable care in the vehicle he was driving, he caused the subject crash.

54. Defendant Crossman had a duty to see what was plainly visible.

55. Defendant Crossman breached his duty to see what was plainly visible when he failed to observe the left hand blinker in use on Miller's vehicle as she was slowing down to turn.

56. As a direct and proximate result of Defendant Crossman's failure to see what was plainly visible, he caused the subject crash.

57. Defendant Crossman's driving conduct as complained of herein is and was careless driving.

58. Defendant Crossman's driving conduct as complained of herein is and was reckless driving.

59. Defendant Crossman's driving conduct as complained of herein is and was negligent.

60. Defendant Crossman's driving conduct as complained of herein was and is the sole cause of the subject crash.

61. Upon information and belief, and at all times relevant hereto, Defendant Crossman was an employee of Defendant New Bern and/or Defendant Pepsico.

62. Upon information and belief, and at all times relevant hereto, Defendant Crossman was operating Defendant New Bern's vehicle while in the course and scope of his employment with Defendant New Bern and/or Defendant Pepsico.

63. Defendant New Bern and/or Defendant Pepsico are vicariously liable for the acts and omissions of its employees, including Defendant Crossman.

64. Defendant New Bern and/or Defendant Pepsico are vicariously liable for the negligence of its employees, including that of Defendant Crossman, committed while in the course and scope of their employment.

65. Defendant New Bern and/or Defendant Pepsico had a duty to exercise reasonable care in its hiring, training, retention, and supervision of Defendant Crossman.

66. Upon belief, Defendant New Bern and/or Defendant Pepsico failed to exercise reasonable care in its hiring, training, retention, and/or supervision of Defendant Crossman and therefore breached its duty to exercise such reasonable care.

67. As a direct and proximate result of Defendant New Bern and/or Defendant Pepsico's failure to exercise reasonable care in its hiring, training, retention, and/or supervision of Defendant Crossman, Miller and Almandinger suffered and continue to suffer significant bodily injuries, damages, and losses.

68. Defendant New Bern and/or Defendant Pepsico's failure to exercise reasonable care in its hiring, training, retention, and supervision of Defendant Crossman constitutes negligence.

69. Defendant New Bern and/or Defendant Pepsico had a duty to properly hire, train, and supervise Defendant Crossman.

70. Upon belief, Defendant New Bern and/or Defendant Pepsico failed to properly hire, train, and/or supervise Defendant Crossman and therefore breached its duty to do so.

71. As a direct and proximate cause of Defendant New Bern and/or Defendant Pepsico's failure to properly hire, train, and/or supervise Defendant Crossman, Miller and Almandinger suffered, and continue to suffer, bodily injuries, damages, and losses.

72. Defendant New Bern and/or Defendant Pepsico's failure to properly hire, train, and/or supervise Defendant Crossman constitutes negligence.

73. Defendant New Bern and/or Defendant Pepsico's failure to exercise reasonable care in hiring, training, and/or supervising Defendant Crossman constitutes negligence.

74. Upon belief, and at the time of the subject motor vehicle collision, Defendant Crossman was an agent of Defendant New Bern and/or Defendant Pepsico.

75. The knowledge, negligence, and conduct of agent Defendant Crossman are imputed to his employer/principal, Defendant New Bern and/or Defendant Pepsico.

76. The knowledge, negligence, and conduct of Defendant Crossman, as an agent/employee, are imputed to Defendant New Bern and/or Defendant Pepsico.

77. Defendant New Bern and/or Defendant Pepsico are vicariously liable for the knowledge, negligence, and conduct of its agent/employee, Defendant Crossman, under the doctrine of Respondeat Superior.

78. As a direct and proximate result of Defendants' actions, failures to act, and negligence, singularly and in combination, Pamela Miller suffered, and continues to suffer, severe and permanent personal injuries, damages, and losses, including, but not limited to the following:

    a. past, present, and future healthcare expenses;
    b. past wage losses;
    c. impairment of earning capacity;
    d. property damage;
    e. past, present, and future pain and suffering,
    f. past, present, and future loss of enjoyment of life,
    g. past, present, and future emotional distress, including shock, fright, worry, and inconvenience;
    h. permanent physical and psychological impairments;
    i. permanent disfigurements; and
    j. other injuries, damages, and losses not yet determined.

79. As a direct and proximate result of Defendants' actions, failures to act, and negligence, singularly and in combination, Blake Almandinger suffered, and continues to suffer, severe and permanent personal injuries, damages, and losses, including, but not limited to the following:

    a. past, present, and future healthcare expenses;
    b. past, present, and future pain and suffering,
    c. past, present, and future loss of enjoyment of life,
    d. past, present, and future emotional distress, including shock, fright, worry, and inconvenience;
    e. permanent physical and psychological impairments;
    f. permanent disfigurements; and
    g. other injuries, damages, and losses not yet determined.

## FIRST CLAIM FOR RELIEF
*(Negligence – Defendant Crossman)*

80. All preceding paragraphs are incorporated as if fully set forth herein.

81. Defendant Crossman was negligent, and his negligence includes, but is not necessarily limited to, the following:

    a. Careless driving causing injury;
    b. Failure to allow Miller to make her left turn safely;
    c. Failure to slow down to allow Miller to make her left turn safely;
    d. Failure to not pass or try to pass the Miller vehicle within 100 feet of an intersection;
    e. Failure to maintain control of his tractor-trailer;
    f. Failure to drive undistracted;
    g. Failure to maintain a proper lookout;
    h. Failure to operate his tractor-trailer in a safe and prudent manner;
    i. Failure to exercise reasonable care;
    j. Failure to see what was plainly visible;
    k. Failure to avoid crashing into other vehicles on the roadway;
    l. Violating the traffic control laws of the State of Colorado.

82. The conduct complained of herein against Defendant Crossman constitutes negligence and, as a direct and proximate result of such negligence, Plaintiffs sustained and continue to suffer significant injuries, damages, and losses as set forth herein.

## SECOND CLAIM FOR RELIEF
*(Negligence Per Se – Defendant Crossman)*

83. All preceding paragraphs are incorporated as if fully set forth herein.

84. C.R.S. § 42-4-1005(2) commands that "No vehicle shall be driven on the left side of the roadway under the following conditions:

    (b) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing;"

85. C.R.S. § 42-4-1402 commands that "Any person who drives any motor vehicle…in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving."

86. Plaintiffs are members of the class (the driving public) that C.R.S. § 42-4-1005(2)(b) and C.R.S. § 42-4-1402 are intended to protect.

87. The injuries suffered by Plaintiffs, as set forth herein, are of the type (injuries due to motor vehicle collisions) that the above cited statutes were enacted to prevent.

88. The applicable standard of care is the standard of care established by the statutes.

89. If a statute establishes a standard of care, then a violation of the statutory duty conclusively establishes a defendant's negligence irrespective of the reasonableness of his or her attempts to carry out such statutory responsibility. *Lui v. Barnhart*, 987 P.2d 942, 945 (Colo.App.1999).

90. Defendant Crossman violated the standards of care created by C.R.S. § 42-4-1005(2)(b) and C.R.S. § 42-4-1402 by attempting to pass Miller's vehicle within one hundred feet of an intersection and subsequently crashing into the left side of the Miller vehicle.

91. Defendant Crossman's driving conduct, as complained of herein, violated both C.R.S. § 42-4-1005(2)(b) and C.R.S. § 42-4-1402, and he is negligent *per se*.

92. As a direct and proximate result of Defendant Crossman's negligence *per se*, Miller and Almandinger suffered, and will continue to suffer, the injuries, damages, and losses as set forth herein.

### THIRD CLAIM FOR RELIEF
*(Vicarious Liability – Defendants New Bern and Pepsico)*

93. All preceding paragraphs are incorporated as if fully set forth herein.

94. Upon information and belief, at the time of the subject crash, Defendant Crossman was an employee of Defendant New Bern and/or Defendant Pepsico.

95. Upon information and belief, Defendant New Bern and/or Defendant Pepsico were Defendant Crossman's employer at the time of the subject crash.

96. Defendant Crossman was driving Defendant New Bern and/or Pepsico's tractor-trailer truck in the course and scope of his employment at the time of the subject crash.

97. Defendant Crossman was acting within the course and scope of his employment with, and for, Defendant New Bern and/or Defendant Pepsico at the time of the subject crash.

98. Defendant New Bern and/or Defendant Pepsico are vicariously liable for the negligence of its employee, Defendant Crossman, and are responsible for all injuries, damages and losses suffered by Miller and Almandinger as described herein.

### FOURTH CLAIM FOR RELIEF
*(Respondeat Superior – Defendants New Bern and Pepsico)*

99. All preceding paragraphs are incorporated as if fully set forth herein.

100. Upon information and belief, at the time of the subject crash, Defendant Crossman was an employee of Defendant New Bern and/or Defendant Pepsico.

101. On July 1, 2015, Defendant Crossman, acting in the course and scope of his employment with Defendant New Bern and/or Defendant Pepsico, drove in a manner described herein, which caused a collision with Miller's vehicle causing Pamela Miller and Blake Almandinger to suffer, and to continue to suffer, significant and severe personal injuries, damages, and losses.

102. At all times relevant to this action, Defendant Crossman was entrusted to act on behalf of Defendant New Bern and/or Defendant Pepsico, and he was acting within the course and scope of said employment when the collision occurred.

103. Defendant New Bern and/or Defendant Pepsico had a right and a duty to control the type and manner of the work performed by Defendant Crossman.

104. Defendant New Bern and/or Defendant Pepsico are responsible for the actions and omissions of Defendant Crossman.

105. Defendant New Bern and/or Defendant Pepsico are responsible for the negligence of Defendant Crossman.

106. Defendant Crossman's negligence, actions, and omissions (imputed to Defendant New Bern and/or Defendant Pepsico) caused Miller and Almandinger to suffer severe personal injuries and damages as set forth herein.

### FIFTH CLAIM FOR RELIEF
*(Agency – Defendants New Bern and Pepsico)*

107. All preceding paragraphs are incorporated as if fully set forth herein.

108. Upon information and belief, Defendant Crossman was an agent acting on behalf of Defendant New Bern and/or Defendant Pepsico at the time of the subject crash.

109. Upon information and belief, it was an essential duty of Defendant Crossman's employment/agency with Defendant New Bern and/or Defendant Pepsico to drive vehicles, including the tractor-trailer involved in the subject crash.

110. At all times relevant to this action, Defendant Crossman was implicitly and/or expressly authorized to act on behalf of Defendant New Bern and/or Defendant Pepsico and he was acting within the course and scope of his agency when the subject crash occurred.

111. Defendant New Bern and/or Defendant Pepsico had a right and a duty to control the manner of work performed by Defendant Crossman.

112. Defendant New Bern and/or Defendant Pepsico are responsible for the actions and omissions of Defendant Crossman.

113. Defendant New Bern and/or Defendant Pepsico put Defendant Crossman in a position that enabled him, while acting within his authority as an agent/employee of Defendant New Bern and/or Defendant Pepsico, to crash into Miller, causing her and Blake Almandinger personal injuries, damages, and losses.

114. Defendant Crossman's position enabled him to cause the crash underlying this action.

115. Defendant Crossman's actions and omissions, as imputed to Defendant New Bern and/or Defendant Pepsico caused Miller and Blake Almandinger to suffer, and continue to suffer, significant personal injuries, damages, and losses as set forth herein.

116. As a direct and proximate result of Defendant Crossman's acts and omissions, as imputed to Defendant New Bern and/or Defendant Pepsico, Miller and Almandinger sustained such injuries, damages, and losses as set forth herein.

## SIXTH CLAIM FOR RELIEF
*(Negligent hiring, training, supervision, retention – Defendants New Bern and Pepsico)*

117. All preceding paragraphs are incorporated as if fully set forth herein.

118. Defendant New Bern and/or Defendant Pepsico had a duty of reasonable care owed to Plaintiffs and other members of the public to hire competent, qualified, and safe employees, particularly those whose job duties included the operation of tractor-trailers in the course and scope of their employment, such as Defendant Crossman.

119. Defendant New Bern and/or Defendant Pepsico had a duty of reasonable care owed to Plaintiffs and other members of the public to properly train its employees, particularly those whose job duties included the operation of tractor-trailers in the course and scope of their employment, such as Defendant Crossman.

120. Defendant New Bern and/or Defendant Pepsico had a duty of reasonable care owed to Plaintiffs and other members of the public to properly supervise its employees, particularly those whose job duties included the operation of tractor-trailers in the course and scope of their employment, such as Defendant Crossman.

121. Defendant New Bern and/or Defendant Pepsico had a duty of reasonable care owed to Plaintiffs and other members of the public to properly retain and/or fire its employees, particularly those whose job duties included the operation of tractor-trailers in the course and scope of their employment, such as Defendant Crossman.

122. Upon belief, Defendant New Bern and/or Defendant Pepsico breached these duties by failing to exercise reasonable care in the hiring, training, supervision, and/or retention of Defendant Crossman.

123. Upon information and belief, Defendant New Bern and/or Defendant Pepsico were negligent, and their negligence includes, but is not necessarily limited to:

    a. Failing to exercise reasonable care in the hiring of Defendant Crossman to perform work on its behalf;
    b. Failing to exercise reasonable care in the training of Defendant Crossman to perform work on its behalf;

    c. Failing to exercise reasonable care in the supervision of Defendant Crossman in his performing work on its behalf;

    d. Failing to exercise reasonable care in the retaining of Defendant Crossman to perform work on its behalf; and

    e. Allowing an improperly hired, trained, and/or supervised individual to operate a tractor-trailer on its behalf.

124. The conduct complained of herein of Defendant New Bern and/or Defendant Pepsico constitutes negligence and, as a direct and proximate result of such negligence, Miller and Almandinger sustained and continue to suffer injuries, damages, and losses as set forth herein.

**WHEREFORE**, Plaintiff Miller respectfully requests monetary damages in an amount to fairly and justly compensate her and Blake Almandinger for past and future injuries, damages, and losses as set forth herein, plus statutory interest from the date this cause of action accrued, post-judgment interest, and interest as otherwise allowed by Colorado law; court costs; case costs; expert witness fees; deposition expenses, attorneys' fees (if applicable); and for such other and further relief as the Court may deem just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL TO A JURY OF (6) ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 7th day of June, 2018.

                                                **METIER LAW FIRM, LLC**

                                               */s/ Michael Chaloupka*
                                               Michael W. Chaloupka, Esq. #39842
                                               Metier Law Firm, LLC
                                               4828 S. College Avenue
                                               Fort Collins, CO 80525
                                               (970) 377-3800
                                               (970) 225-1476 (fax)
                                               Mike@Metierlaw.com

                                               *Attorney for Plaintiffs*

Plaintiffs' Address:
910 Alexis Lane
Marion, IA 52303